IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHIRLEY McLAUGHLIN,  :
                     :
        Plaintiff    :
                     :              Docket No.
           v.        :
                     :
SCHOTT NORTH AMERICA, INC.  :       JURY TRIAL DEMANDED
                     :
        Defendant    :

## C O M P L A I N T

1.      This action is authorized, initiated, founded upon, and arises under the provisions of federal law, particularly Title VII of the Civil Rights Act of 1964, as amended, specifically 42 U.S.C. §§2000e-2(a) and 2000 e-3(a); Age Discrimination in Employment Act (ADEA), 29 USC §623(a) and (d);  as well as state law, specifically the Pennsylvania Human Relations Act, 43 P.S. §955(a) and (d).  Declaratory relief is sought under 28 U.S.C. §§2201 and 2202.

2.      The jurisdiction of this court is conferred by 28 U.S.C. §§1331, and 1343(a); 42 U.S.C. §2000e-3(a); and, §7(b) of the ADEA, 29 USC §626(b), as well as this court's jurisdiction over pendent state claims.

3.       The unlawful employment practices and other actions alleged herein were committed within the Middle District of Pennsylvania.

4.      The amount in controversy in this matter exceeds one hundred thousand dollars ($100,000.00).

## II.     PARTIES

5.     The Plaintiff is an adult female individual residing at 311 Sunset Road, Roaring Brook, Lackawanna County, PA 18444.

6.     Defendant is Schott North America, Inc., a Maryland business corporation with a registered office located at Corporation Service Company, Harrisburg, Dauphin County, PA.

7.     Defendant has a place of business located at 400 York Avenue, Duryea, Luzerne County, PA 18642-2036.

8.     Defendant employs more than two hundred persons at its Duryea location.

9.     At all times material hereto, Defendant was, and is, engaged in an industry affecting commerce.

## III.     ADMINISTRATIVE PREREQUISITES

10.     Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission on October 30, 2020 alleging retaliation on account of opposition to illegal discrimination on account race, color, national origin, and age and because she had made charges of such illegal discrimination before the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC), which complaint was dual filed with the Pennsylvania Human Relations Commission, and had further made such charges in her lawsuit against Defendant, docketed to USDC (MD) 18cv1894.

11.     Plaintiff received notice of right to sue from the EEOC, dated September 13, 2022.

### IV.    RIGHT OF EQUITABLE RELIEF

12.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is her only means of securing adequate relief.

### V.    JURY TRIAL DEMAND

13.    Plaintiff demands a trial by jury herein.

### VI.    FACTUAL ALLEGATIONS

14.    Plaintiff is of the black/African-American color, race and national origin.

15.    Plaintiff was born on March 5, 1965.

16.    Plaintiff was employed by Defendant since or about December 2005.

17.    Plaintiff performed work for Defendant as a full time billing and shipping coordinator team lead.

18.    At all times material hereto, Plaintiff performed the work for Defendant in a good, workmanlike and competent manner.

19.    On or about June 27, 2018, Plaintiff filed a complaint against Defendant with the Equal Employment Opportunity Commission (EEOC), docket number 530-2018-04419, alleging discrimination on account of race, color, and national origin, made illegal by Title VII of the Civil Rights Act of 1964, and age discrimination made illegal by the Age Discrimination in Employment Act, which complaint was dual filed with the Pennsylvania Human Relations Commission (PHRC).

20.     Following exhaustion of administrative remedies, Plaintiff filed a complaint against Defendant in the Federal District Court for the Middle District of Pennsylvania, docketed to USDC (MD) 3:18-CV-01894, on September 26, 2018, alleging discrimination on account of race, color, and national origin, made illegal by Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and the Civil Rights Act of 1870; and, age discrimination made illegal by the Age Discrimination in Employment Act  and the Pennsylvania Human Relations Act.  The aforesaid federal complaint is attached hereto and made a part hereof as Exhibit A.

21.     The above federal action is still pending.

22.     At all times material hereto, Plaintiff was qualified to perform the duties of a full time billing and shipping team lead, as well as a warehouse supervisor, supervising the Receiving and Shipping Departments' activities, the position which Plaintiff applied for and was denied, by reason of the above stated discrimination.

23.     On May 7, 2020, Defendant terminated Plaintiff's employment, purportedly for using profanity during a conversation with her supervisor, Dana Roberts, who is white and under forty years of age.

24.     On repeated occasions, up to and including May 6, 2020, Ms. Roberts had failed and refused to provide Plaintiff with information necessary for the successful performance of her job.

25.     Prior to May 6, 2020, Plaintiff complained to plant manager Rob Gomaeu and requested that she be copied on all e-mails pertaining to her shipping responsibilities.

26.     In response, Mr. Gomaeu agreed that Plaintiff should be copied on all e-mails pertaining to her shipping responsibilities.

27.     On May 6, 2020, Plaintiff complained to Ms. Roberts that Ms. Roberts had not copied her on a report to Mr. Gomaeu, regarding shipping of product, for which Plaintiff had responsibility.

28.     Ms. Roberts replied that she would not copy Plaintiff on such e-mails.

29.     In response, Plaintiff said "What's the big fucking secret?" and "This place is a fucking joke."

30.     Thereupon, Ms. Roberts immediately suspended Plaintiff with pay.

31.     Ms. Roberts reported to Kevin McFarland, director of human resources for Defendant, that Plaintiff had said in her presence, "What's the big fucking secret?" and "This place is a fucking joke."

32.     By and through Mr. McFarland, Defendant terminated Plaintiff's employment on May 7, 2020, purportedly for her use of profanity on the prior day.

33.     Defendant has no policy against the use of profanity in the workplace.

34.     The use of the word "fuck," or its derivatives, is commonplace in Defendant's workplace.

35.     Defendant does not discipline, let alone terminate, employees for profane language or, in particular, the use of the word "fuck," or its derivatives.

36.     By way of example, Ms. Roberts herself notoriously and regularly uses this language in the workplace, and, in particular, on these specific occasions:

a.     To manager George Vamous, who has authority over Ms. Roberts, "Oh my God, George, what the fuck?"

b.     About  another employee, Jim Carrroll, " He is so fucking stupid."

c.     To another employee, Adam Tomsak, "Oh my God, I'm going to fucking kill you if you don't stop writing the fucking numbers down."

d.     About Adam Tomsak, "Oh my God, I'm going to fucking kill him if he does not stop.  Oh my fucking God!"

e.      All day, every day, Ms. Roberts would say, "What the fuck?" and/or "You're fucking kidding me."

f.     On a date prior to May 6, 2020, Ms. Roberts used this language in the presence of both Plaintiff and Mr.. Vamous, at which time Plaintiff said to Mr. Vamous, "Hang out, George.  This is all the time," to which Mr. Vamous responded, "Oh my God, unbelievable."

g.     Ms. Roberts gave Plaintiff a coffee cup, with a printed sentiment "Have a Nice Day" on the exterior side, a message stating "Yo! Check Out The Hidden Message On The Bottom" directly below the sentiment, and the exterior of the cup with cast fist with an extended middle finger.

37.     Ms. Roberts has not been disciplined, let alone terminated, for her use of the word "fuck," as described herein.

38.     Other employees also regularly use the word "fuck," or its derivatives.

39.     By way of example, after a team meeting, and audible to the supervisor, employee Joe Knick, who is white and has not made a complaint of protected class discrimination, said "This is fucking stupid."

40.     By way of further example, employee Donny Appleby, who is white and has not made a complaint of protected class discrimination, said to Ms. Roberts, "Why the fuck should I go up and do their job when they are sitting doing nothing?"

41.     Employee Bob Digwood, who is white and has not made a complaint of protected class discrimination, routinely uses the word "fuck," or its derivatives, especially in outburst sof anger in which he throws things around.

42.     By way of further example, in early 2020, employee Joe Gilroy, who is white and has not made a complaint of protected class discrimination, had an encounter with human resources manager Sandy Herman during which Ms. Herman told Mr. Gilroy that he should not request improved pension benefits because she had given him a promotion.

43.     Mr. Gilroy responded to Ms. Herman, "You did not give me that fucking job. I fucking earned it. Come on Sandy, let's go see McFarland because I'm fucking pissed."

44.     Neither Mr. Knick , Mr. Appleby, nor Mr. Gilroy have been disciplined, let alone terminated for their use of the word "fuck," as described herein.

45.     Plaintiff and Mr. Gomeau met in February, 2020 to discuss ongoing issues in the warehouse, and, in particular, with regard to Ms. Robert's management of the warehouse.

46.     At this meeting, Mr. Gomeau asked Plaintiff how she got along with Ms. Roberts.

47.     Plaintiff responded "Good.  If there is an issue, either of us might may say to the other, 'What the fuck', but that they would work it through."

48.     Mr. Gomeau replied to Plaintiff, "That's good to hear, as there were some concerns."

49.     Mr. Gomeau did not criticize Plaintiff's use of the word "fuck" with Ms. Roberts in this context, nor did he reprimand or warn her for its use, nor did he tell her she violated any company policy.

50.     Further, Plaintiff often sent text messages to Ms. Roberts, which text messages included the phrase "WTF," about which Ms. Roberts made no response that the language was inappropriate, nor did she reprimand or warn her for its use, nor did she tell her she violated any company policy.

51.     To the extent Plaintiff's use of the word "fuck" warranted any discipline, Defendant does not discipline, let alone terminate employees for far more serious acts or omissions, including, but not limited to:  workplace carelessness which leads to property damage and/or personal injury, working

under the influence of controlled substances, violations of safety protocols, and falsification of time clock entries.

52.    Plaintiff was terminated in retaliation for her complaints of protected class discrimination as described herein.

53.    Plaintiff would not have been terminated but for her age.

54.    Plaintiff was terminated on account of her race, color and national origin.

55.    As a result of the actions and omissions of Defendant, Plaintiff has suffered discrimination and retaliation in employment and has been damaged.

56.    Plaintiff has suffered damages in the form of loss of employment opportunity, compensation and loss of employment benefits, emotional distress, and other compensatory and consequential damages on account of this discrimination.

57.    Defendant's age discrimination against Plaintiff was willful.

58.    The actions and omissions of Defendant were outrageous, extremely offensive, intentional and discriminatory against Plaintiff on a continuing basis and were performed with malice and reckless indifference to Plaintiff's civil rights.

## VII.    CAUSES OF ACTION

### COUNT I

### CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. §2000e-2(a)

### Discrimination on Account of Race, National
### Origin and Color

59.    Paragraphs 1 through 58 are incorporated herein by reference as though set forth in full.

60.    The actions described herein were in violation of the civil rights of Plaintiff, occurred during the course of Plaintiff's employment with the Defendant and were carried out by the Defendant and its agents, servants and employees.

61.    The actions described herein are in violation of the civil rights of Plaintiff and were committed by the Defendant because of Plaintiff's race, national origin, and color

62.    Plaintiff has suffered damages in the form of severe emotional distress, anxiety, and other consequential and incidental damages.

63.    The actions and omissions of Defendant, as described herein, were willful, deliberate, intentional, outrageous, and performed with an extreme indifference to the rights of Plaintiff, such that an award of punitive damages is warranted.

**WHEREFORE,** Plaintiff demands judgment in her favor and against the Defendant and prays:

a.     That this court declare that the practices in which the Defendant has engaged are discriminatory and in violation of Title VII of the Civil Rights Act of 1964;

b.     That this court permanently enjoin the Defendant from discriminating against its employees on the basis of race, national origin, and/or color,  with regard to the terms and conditions of employment;

c.     That this court order the Defendant to pay to Plaintiff back pay;

d.     That this court order the Defendant to pay to Plaintiff front pay;

e.     That this court order the Defendant to pay to Plaintiff compensatory damages;

f.     That this court order the Defendant to pay to Plaintiff punitive damages;

g.     That this court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

h.     That this court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws and require Defendant to file such reports as this court deems necessary to evaluate such compliance; and,

i.     That this court order such other and further relief as may be just and equitable.

<u>**COUNT II**</u>

<u>**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**</u>
<u>**43 P.S. §955(a)**</u>
<u>**Discrimination Based on Race, National Origin and Color**</u>

64.     Paragraphs 1 through 63 of this Complaint are incorporated herein by reference as though set forth in full.

65.     The unlawful employment practices hereinbefore stated constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. §955(a).

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant and prays:

a.   that this court declare that the practices in which the Defendant has engaged are discriminatory and in violation of the Pennsylvania Human Relations Act, 43 P.S. §955(a);

b.   that this court permanently enjoin the Defendant from discriminating against employees of the Defendant on the basis of race, color and/or national origin with regard to the terms and conditions of employment;

c.   That this court order the Defendant to pay the Plaintiff back pay;

d.   That this court order the Defendant to pay the Plaintiff front pay;

e.     that this Court order the Defendant to pay Plaintiff compensatory damages;

f.   Plaintiff's reasonable attorney fees and costs of this litigation;

g.      that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

h.      that this Court order such other and further relief as may be just and equitable.

### COUNT III

### Violation of the ADEA, 29 U.S.C. §623(a) and 29 U.S.C. 215

### Discrimination on Account of Age

66.      Paragraphs 1 through 65 of this Complaint are incorporated herein by reference as though set forth in full.

67.      Plaintiff has complied with all jurisdictional prerequisites of 29 USC §626.

68.      The actions described herein were in violation of the civil rights of Plaintiff, occurred during the course of Plaintiff's employment with the Defendant and were carried out by the Defendant and its agents, servants, and employees.

69.      In light of the Defendant's willful, knowing and intentional discrimination against the Plaintiff, Plaintiff seeks an award of liquidated damages equal to the amount owing.

70.      The actions described herein in violation of the civil rights of the Plaintiff were committed by the Defendant on account of her age, and

therefore constitute a violation of the Age Discrimination in Employment Act, 29 USC §623(a).

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

a.      That this court declare that the practices in which the Defendants have engaged are discriminatory and in violation of the ADEA;

b.      That this Court order the Defendant to pay Plaintiff back pay;

c.      That this Court order the Defendant to pay to Plaintiff liquidated damages;

d.      That this Court order the payment of pre-judgment interest;

e.      That this Court award Plaintiff reasonable attorneys' fees and the costs of this action;

f.      That this Court Order the Defendant to reinstate Plaintiff with all pay and benefits which Plaintiff would have received if the wrongful acts alleged herein had not occurred; or, if such an order is not feasible, that the Plaintiff be awarded front pay and an amount representing all benefits of employment Plaintiff would have received had the unlawful termination not occurred;

g.      That this Court retain jurisdiction over this action to ensure full compliance with the Orders of this court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and,

h.     That this Court order such other and further relief as may be just and equitable.

## COUNT IV

## PENNSYLVANIA HUMAN RELATIONS ACT

## 43 P.S. §955(a)

### Discrimination on Account of Age
### Termination

71.     Paragraphs 1 through 70 of this Complaint are incorporated herein by reference as though set forth in full.

72.     As a direct and proximate result of the unlawful discrimination as hereinbefore stated, the Plaintiff has suffered great mental anguish, embarrassment and humiliation.

73.     The unlawful employment practices hereinbefore stated constitute violations of the Pennsylvania Human Relations Act, 43 P.S. §955(a).

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

a.     That this court declare that the practices in which the Defendant has engaged are discriminatory and in violation of the Pennsylvania Human Relations Act, 43 P.S. §955(a);

b.     That this Court order the Defendant to pay Plaintiff back pay and an amount representing all benefits of employment that she would have been received had the unlawful termination not occurred;

c.     That this Court order the Defendants to pay to Plaintiff compensatory damages;

d.      That this Court Order the payment of pre-judgment interest;

e.      That this Court order the Defendant to pay the Plaintiff's reasonable attorneys' fees and the costs of this action;

f.      That this Court Order the Defendants to reinstate Plaintiff with all pay and benefits which Plaintiff would have received if the wrongful acts alleged herein had not occurred; or, if such an order is not feasible, that the Plaintiff be awarded front pay and an amount representing all benefits of employment Plaintiff would have received had the unlawful termination not occurred;

g.      That this Court retain jurisdiction over this action to ensure full compliance with the Orders of this court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and,

h.      That this Court order such other and further relief as may be just and equitable.


## COUNT V

## CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000e-3(a)

## Retaliation


74.      Paragraphs 1 through 73 are incorporated herein by reference as though set forth in full.

75.     The actions described herein were in violation of the civil rights of Plaintiff, occurred during the course of Plaintiff's employment with the Defendant and were carried out by the Defendant and its agents, servants and employees.

76.     The actions described herein are in violation of the civil rights of Plaintiff and were committed by the Defendant in retaliation for Plaintiff's protected activity under the statute.

77      Plaintiff has suffered damages in the form of severe emotional distress, anxiety, and other consequential and incidental damages.

78.     The actions and omissions of Defendant, as described herein, were willful, deliberate, intentional, outrageous, and performed with an extreme indifference to the rights of Plaintiff, such that an award of punitive damages is warranted.

**WHEREFORE,** Plaintiff demands judgment in her favor and against the Defendant and prays:

a.     That this court declare that the practices in which the Defendant has engaged are retaliatory and in violation of Title VII of the Civil Rights Act of 1964;

b.     That this court permanently enjoin the Defendant from retaliating against its employees for engaging in protected activity with regard to the terms and conditions of employment;

c.     That this court the Defendant to pay to the Plaintiff back pay:

d.     That this court the Defendant to pay to the Plaintiff front pay

e.      That this court order the Defendant to pay to Plaintiff compensatory damages;

f.      That this court order the Defendant to pay to the Plaintiff punitive damages;

g.      That this court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

h.      That this court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws and require Defendant to file such reports as this court deems necessary to evaluate such compliance; and,

i.      That this court order such other and further relief as may be just and equitable.

## COUNT VI
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. §955(d)
## Retaliation

79.     Paragraphs 1 through 78 of this Complaint are incorporated herein by reference as though set forth in full.

80.     The unlawful employment practices hereinbefore stated constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. §955(d).

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant and prays:

a.  That this Court declare that the practices in which the Defendant has engaged are retaliatory, discriminatory and in violation of the Pennsylvania Human Relation Act, 43 P.S. §955(d);

b.  That this Court permanently enjoin the Defendant from retaliating against employees of the Defendant for engaging in protected activity, with regard to the terms and conditions of employment;

c.  That this Court order the Defendant to pay to the Plaintiff back pay;

d.  That this Court order the Defendant to pay to the Plaintiff front pay;

e.  That this Court order the Defendant to pay Plaintiff compensatory damages;

f.  That this Court order the Defendant to pay Plaintiff's reasonable attorneys' fees and costs of this litigation;

g.  That this Court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws that require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and,

h.  That this Court order such other and further relief as may be just and equitable.

## COUNT VII

## Violation of the ADEA, 29 U.S.C. §623(a) and 29 U.S.C. 215

### Retaliation

81.     Paragraphs 1 through 80 of this Complaint are incorporated herein by reference as though set forth in full.

82.     Plaintiff has complied with all jurisdictional prerequisites of 29 USC §626.

83.     The actions described herein were in violation of the civil rights of Plaintiff, occurred during the course of Plaintiff's employment with the Defendant and were carried out by the Defendants and their agents, servants, and employees.

84.     In light of the Defendant's willful, knowing and intentional retaliation against the Plaintiff, Plaintiff seeks an award of liquidated damages equal to the amount owing.

85.     The actions described herein in violation of the civil rights of the Plaintiff were committed by the Defendant on account of her age, and therefore constitute a violation of the Age Discrimination in Employment Act, 29 USC §623(a).

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

That this court declare that the practices in which the Defendant has engaged are discriminatory and in violation of the ADEA;

a. That this Court order the Defendant to pay Plaintiff back pay;

b.     That this Court order the Defendant to pay to Plaintiff liquidated damages;

c.     That this Court order the payment of pre-judgment interest;

d.     That this Court award Plaintiff reasonable attorneys' fees and the costs of this action;

e.     That this Court Order the Defendant to reinstate Plaintiff with all pay and benefits which Plaintiff would have received if the wrongful acts alleged herein had not occurred; or, if such an order is not feasible, that the Plaintiff be awarded front pay and an amount representing all benefits of employment Plaintiff would have received had the unlawful termination not occurred;

f.     That this Court retain jurisdiction over this action to ensure full compliance with the Orders of this court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and,

g.    That this Court order such other and further relief as may be just and equitable.


RESPECTFULLY SUBMITTED:

Borland & Borland, L.L.P.


/s/ Kimberly D. Borland
Kimberly D. Borland, Esquire
69 Public Square
11th Floor
Wilkes-Barre, Pa  18701
Attorney ID.#23673
kborland@borlandandborland.com
(570) 822-3311
(570) 822-9894 (fax)
Attorney for the Plaintiff

## VERIFICATION

I, Shirley McLaughlin, verify that the averments made in the foregoing

Complaint are true and correct.   I understand that false statements herein are made subject

to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

Shirley McLaughlin

Date: 12/8/22